IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES J. HERRERA,**

      **Plaintiff,**

v.                                                    **No. CIV 05-1265 MCA/ACT**

**BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANTA FE, NEW MEXICO,
ex rel., SANTA FE COUNTY FIRE DEPARTMENT,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendant's Combined Motion to Compel Discovery and Motion for Sanctions, filed August 8, 2006 [Doc. No. 26]. Plaintiff Peter J. Herrera ("Herrera") filed a response on August 25, 2006 [Doc. No. 27], and Defendant filed a reply[1] on September 21, 2006 [Doc. No. 28]. The motion is fully briefed and ready for resolution. [Doc. No. 29.]

### Background

Herrera contends that he was subjected to unlawful employment discrimination based on race or national origin when he was denied a promotion by Defendant. He further asserts that he suffered lost wages and other benefits of employment, was subjected to ridicule and embarrassment and eventually compelled to resign in August 2004. [Doc. No. 14.] In addition, Herrera brings claims

---

[1] According to defense counsel, Defendant was given an extension of time to file a reply brief.

of retaliation related to alleged unpaid overtime wages and hostile work environment.  Defendant denies Herrera's claims and raises a number of defenses, including, but not limited to failure to satisfy administrative exhaustion requirements.

The jury trial is set for April 10, 2007.  Discovery was originally scheduled to close by August 11, 2006.  The parties filed a joint motion to enlarge discovery and motion deadlines, which was granted in part.  Thus, discovery will close on October 11, 2006, and the revised dispositive motion deadline is November 28, 2007.  The trial date remains as scheduled.  [Doc. No. 21.]

## Defendant's Motion to Compel

On April 18, 2006, Defendant served Herrera with interrogatories and a request for production of documents.[2]  [Doc. No. 26, Ex. A.]  Under Fed. R. Civ. P. 33 and 34, Herrera's responses were due by no later than May 22, 2006, but he provided no response to the requests nor did he seek an extension from defense counsel.  Defendant contacted counsel for Herrera to inform Plaintiff that his discovery responses were late.  Plaintiff's counsel responded that Herrera was out of the country in May and that counsel "assume[d] that somehow caused [Herrera] to forget or neglect his responses."  [Doc. No. 26, Ex. D.]  Defendant agreed to give Herrera until June 15, 2006 by which to provide responses, but as of June 26, 2006, Herrera still had not answered the discovery requests.  [Doc. No. 26, Ex. E.]  In a letter dated June 26, 2006, Herrera's attorney stated that Herrera was working on his responses and would provide them to his attorney's office "within the next day or so."  [Doc. No. 26, Ex. F.]

---

[2]It is now five months later, and according to Defendant, it still has not received full responses to its discovery requests.  [Doc. No. 28.]  Defendant states that Herrera still has not supplied his complete medical history so as to permit Defendant to obtain the pertinent medical records, to the extent any exist.

Herrera's deposition had been scheduled in early June 2006 to take place on June 30, 2006. Defendant again permitted Herrera several additional days in which to provide the discovery responses but required that they be supplied no later than 5 p.m. on June 29, 2006, so that counsel could review the responses the evening before Herrera's deposition. [Doc. No. 26, Ex. G.] Herrera did not provide any discovery responses to Defendant before the June 30 deposition. However, Defendant elected to proceed with the deposition reserving the right to re-depose Herrera when Defendant received and reviewed Herrera's written responses to discovery.

As of July 11, 2006, Herrera still had not provided responses to the written discovery requests. In anticipation of receiving the belated responses soon, Defendant scheduled the continuation of Herrera's deposition on July 27, 2006. On July 21, 2006, Herrera provided Defendant with discovery responses that were hand-written and unverified, as well as insufficient according to Defendant. Herrera did not supply any of the materials requested in the document requests. In his responses to those requests, he sometimes wrote the word "requested". Other responses by Herrera included "researching," "copies to be attached," "will have copies July 27", and "in the process of gathering." With respect to some of the document requests, Herrera did not provide any response at all. There were no objections made by Herrera to any of the document requests. [Doc. No. 26, Ex. B.]

In addition, Herrera did not answer each interrogatory fully or under oath as required by Rule 33. Fed. R. Civ. P. 33(b)(1). For example, in response to what his annual income was for certain years, Herrera gave ranges of salaries, "38K to 57K in 2005." He provided no response to the request for his monthly income in 2006. In response to the interrogatory asking for the names of his past employers, dates of employment, names of direct supervisors, descriptions of any discipline

imposed, and reasons for leaving those jobs, Herrera provided partial information at best.  In his answer to the request for information about medical treatment received for pertinent sustained injuries, Herrera provided the name of a single doctor without any dates for medical care given or a description of the injuries for which he received medical care.  [Doc. No. 26, Ex. B, Interrogatory Nos. 3, 5, 10.]  Other responses to interrogatories include:  "requested records," did not have the requested information to answer the question, or would have all of the information by the July 27 deposition, e.g., with respect to names of witnesses he might call at trial.  Herrera's answers to the interrogatories are inadequate, not fully responsive, and therefore, not in compliance with Fed. R. Civ. P. 33.  Moreover, because Herrera made no objection to any interrogatory, he did not preserve objections to interrogatories that may have been objectionable.

At the second deposition on July 27, 2006, Herrera again failed to supply any documentation responsive to the requests.  As of July 27, Herrera testified that he would provide the requested discovery "[a]s soon as I can get them.  I don't want to put a time frame on there because on [sic] my work schedule versus that."  [Doc. No. 26, Ex. H, p. 255.]  At the end of the deposition, it appeared that Herrera and his attorney promised to provide formal discovery responses by the following Friday, August 4, 2006.  [Id., p. 282.]  When Defendant filed this motion to compel on August 8, it still had not received Plaintiff's formal, verified and complete discovery responses, and as of its reply on September 21, 2006, Defendant still has not received the requested information.

Defendant now asks the Court to compel Plaintiff to respond to the outstanding discovery requests and/or to sanction Herrera, under Fed. R. Civ. P. 37(d) for egregious violations of the Federal Rules of Civil Procedures.  Defendant argues that Herrera's violations warrant dismissal of

4

the lawsuit, but that, at a minimum, Defendant should be awarded fees and costs associated with obtaining the requested discovery and conducting the second deposition of Herrera on July 27, 2006.

In Plaintiff's response to the motion to compel, counsel agrees with the factual assertions set forth by Defendant. Plaintiff's counsel states, however, that he was unaware that Herrera supplied unverified, hand-written, and incomplete answers to interrogatories because Herrera provided the responses directly to Defendant's attorney. Counsel further concedes that while Herrera promised to supply complete responses to discovery requests by August 4, 2006 and to appear for another continuation of his deposition on August 17, 2006, Herrera did not complete the responses by August 4th and has not completed the responses as of August 17, 2006. The pleadings do not discuss whether Herrera appeared for a third deposition on August 17, but it appears unlikely.

Plaintiff's attorney further argues that while Herrera admittedly provided non-conforming and incomplete discovery responses, he did provide "substantial discovery" in this matter. According to his attorney, Herrera's "discovery failures are not [sic] audacious as suggested by Defendant." However, Plaintiff's counsel states he "is perplexed by Plaintiff's inattention to discovery" although he is unaware of convincing justification for Herrera's delay in providing the responses.[3]

---

[3]The Court is perplexed by what role counsel has assumed in the representation of Plaintiff in this lawsuit. It appears from the representation of Plaintiff's counsel and the state of the discovery pleadings that Herrera acts on his own.

**Analysis**

**Order to Compel**

Rule 37(a) provides that a party may apply for an Order from the Court compelling a party to supply responses to discovery requests. Fed. R. Civ. P. 37(a)(2)(A).[4] An Order to Compel may issue for failure to fully respond to depositions questions or to discovery requests served under Rules 33 or 34. An evasive or incomplete disclosure, answer or response is treated as a failure to disclose, answer, or respond and may warrant issuance of an Order to Compel. Fed. R. Civ. P. 37(a) (3).

Here, there is no question that Herrera failed to provide timely and complete responses to the discovery requests at issue, even after being given numerous extensions of time in which to comply. Five months have elapsed since Herrera received the discovery requests, and yet he still has not provided the information. Herrera failed altogether to respond to many of the discovery requests. Moreover, he refused to comply with the clear requirements of the pertinent rules of federal procedure, notwithstanding defense counsel's discussion of those rules with Herrera at his deposition and Defendant's request for dismissal of the lawsuit based on discovery violations. Herrera did not object to any of the discovery requests, to the extent that objections might have been appropriate. Finally, neither Herrera nor his attorney offered any convincing explanation why Herrera was justified, to any degree, in failing to supply the responsive discovery. The Court concludes, therefore, that an Order to Compel Herrera's full and complete responses to each and every interrogatory and discovery request is warranted under Rule 37. Herrera must provide to Defendant his verified responses and the responsive documents no later than fifteen (15) days after entry of this Order.

---

[4]Although defense counsel seeks sanctions under Fed. R. Civ. P. 37(d), the Court elects to proceed under Rule 37(a) and compel the answers to discovery. The Court also provides appropriate sanctions related to Herrera's conduct under Rule 37(a)(4)(A).

**Discovery Sanctions**

"As a general rule, the imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court." Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999) (internal citation omitted). If the Court grants a motion to compel in its entirety, as the Court concludes is appropriate in this case, or if the discovery is produced after the motion to compel was filed, Rule 37 states in pertinent part that:

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response . . . was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

Here, Defendant did not expressly state in its motion that it had made a good faith effort to obtain the discovery without court action. However, it is clear from Plaintiff's response and Defendant's motion with attached correspondence that Defendant made every effort to obtain the discovery and avoid court action. This is not a case where the moving party sent a single letter to opposing counsel and took no further steps to confer on the discovery issues. Defendant provided a number of extensions of deadlines, wrote several letters and conferred both with Plaintiff and his counsel regarding these discovery disputes. *Compare* Williams v. Board of County Comm'rs of the Unified Gov't of Wyandotte County & Kan. City, Kan, 192 F.R.D. 698, 700 (D. Kan. 2000) ("single letter between counsel which addresses discovery dispute . . . does not satisfy the duty to confer.").

As stated above, Plaintiff provided little explanation for his failure to supply the requested

discovery and certainly no reason that would substantially justify his violation of the requirements of the pertinent federal rules. The Court finds no other circumstances that might make an award of reasonable attorney's fees and costs unjust.

While the rule requires that a party have an opportunity to be heard before sanctions are assessed, Plaintiff had that opportunity in responding to the motion to compel, which included Defendant's request for sanctions. *See* Fed. R. Civ. P. 37(a)(4) advisory committee's notes (language of rule changed to make clear that the court can consider questions of sanctions on written submissions as well as on oral hearings). Herrera, in his written response to the motion, provided no convincing explanation for why some sanctions should not be awarded under these circumstances. Plaintiff's counsel simply asked that none be assessed, while admitting he was perplexed by his client's failures. The Court concludes that while Herrera had an opportunity to be heard on the matter he failed to persuade the Court that reasonable fees and costs should not be assessed.

Unless certain exceptions apply, Rule 37(a) provides that sanctions are mandatory when a motion to compel is granted in its entirety. Thus, within fifteen (15) days after entry of this Order, Defendant should supply the Court with an itemized statement of attorney's fees and expenses reasonably incurred in connection with filing this motion (including defense counsel's attempts to resolve this matter short of pleading practice), along with its reasonably incurred fees and costs relating to the second deposition. Plaintiff will have five (5) days to submit objections to the fees and costs being requested.

The Court also considered Defendant's request that the Court dismiss this lawsuit as a sanction for Herrera's discovery violations. Such a sanction is proper only in the most extreme cases. The Court declines to assess the extreme sanction of dismissal under the present circumstances.

However, the Court advises Plaintiff and his attorney, that any additional failure to abide by the pertinent rules of civil procedure or this Court's Order to Compel, may result in the more extreme sanction of dismissal.

IT IS THEREFORE ORDERED that Defendant's motion to compel is GRANTED [Doc. No. 26] as described herein, and Plaintiff must supply complete and verified discovery responses, including responsive documentation, to Defendant within 15 days after entry of this Order. The failure to do so may result in additional and more severe sanctions, including dismissal of the lawsuit. Defendant must supply to the Court its itemized list of reasonable costs and fees as described herein, also within 15 days after entry of this Order. Plaintiff will have five (5) days to submit objections to the fees and costs being requested.

                                                        **ALAN C. TORGERSON**
                                                        **UNITED STATES MAGISTRATE JUDGE**